**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| BASSIROU A. DANTE | CIVIL ACTION NO. 26-3131 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN ALEXANDRIA STAGING FACILITY, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

## MEMORANDUM ORDER

Before the Court is a Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 2) filed by the habeas Petitioner, Bassirou A. Dante("Petitioner"). Petitioner seeks temporary/preliminary injunctive relief enjoining Respondents from removing him to Cameroon until he has the opportunity to participate in a third country screening process together with his counsel.

Petitioner has been in the United States since January 2001. In March 2013, an Immigration Judge granted his application of withholding of removal to Mali, his country of citizenship. Petitioner was detained by immigration officials on August 3, 2026, during a routine check-in. He alleges that in conjunction with his detention, immigration officers provided him with several documents including a Notice of Imminent Removal stating that he would be removed to Cameroon. Petitioner submits that he articulated a fear of persecution in Cameroon and requested to participate in a third country screening interview together with his immigration counsel.

Petitioner is currently detained at the Alexandria Staging Facility and reports that immigration officers have told him they intent to remove him to Cameroon on August 19, 2026. Counsel for Petitioner has contacted the Court stating that removal is scheduled for 2:00 p.m. on August 19, 2026. Again, Petitioner seeks emergency relief directing

Respondents to refrain from removing him to Cameroon during the pendency of his Habeas Petition.[1]

An applicant for a Temporary Restraining Order or a Preliminary Injunction must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp.3d 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny an emergency injunction lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). And courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Here, the Court believes Petitioner's request for an injunction directing Respondents to refrain from removing him to Cameroon is a request for stay of removal. A request for stay of removal is a challenge to a removal order. See Imran v. Harper, No.

[1] In his Habeas Petition, Petitioner alleges Respondents are violating his right to due process by detaining him without providing him an opportunity to challenge his removal to Cameroon. See Record Document 1.

25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order). The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted). This Court lacks jurisdiction to grant Petitioner's request to restrain Respondents from removing him to Cameroon. See Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

Alternatively, even assuming the Court possessed jurisdiction to consider the request, Petitioner has not established entitlement to a temporary restraining order or preliminary injunction. He asserts that Respondents are preparing to remove him at 2:00 p.m. on August 19, 2026 (today). But he provides no documentation or other competent evidence, such as travel documents or a declaration from a person with knowledge, to support imminent removal. Thus, his claim of immediate removal to Cameroon is speculative. Mere speculation or conclusory allegations of irreparable injury are insufficient to warrant emergency injunctive relief. See United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001).

The Court emphasizes that today's ruling is limited to Petitioner's request for emergency injunctive relief. The Court expresses no opinion at this stage regarding the ultimate merits of Petitioner's habeas petition or any statutory or constitutional challenges he may assert therein. Petitioner simply has not carried his burden of establishing the requirements for the extraordinary remedy of emergency injunctive relief.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 2) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19th day of August, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT