**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **BASSIROU A. DANTE** | **CIVIL ACTION NO. 1:26-3131** |
| | **SECTION P** |
| **VS.** | **JUDGE S. MAURICE HICKS, JR.** |
| **WARDEN ALEXANDRIA STAGING FACILITY, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Petitioner Bassirou A. Dante, a former detainee in the custody of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241.[1] For reasons below, the Court should dismiss his petition as moot.

A petitioner "must separately satisfy the case-or-controversy requirement of Article III, Section 2 of the Constitution." *Herndon v. Upton*, 2021 WL 116535, at *2 (5th Cir. Jan. 13, 2021) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Jurisdiction is constrained to adjudicating "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "In order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages of the judicial proceedings." *U.S. v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020). "A case becomes moot only when it is impossible for a court to grant any effectual

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks and citation omitted).

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). A claim is also moot when a petitioner achieves the precise relief she requested. *See New York State Rifle & Pistol Ass'n, Inc. v. City of New York, New York*, 140 S. Ct. 1525, 1526 (2020).

Here, Petitioner sought release from custody (i.e., habeas corpus). Petitioner was released from custody. [doc. # 10-2]. As he is no longer subject to the detention he challenged, his petition is moot. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) ("Because Bailey was released . . . this court can no longer provide him with that relief."); *Herndon*, 2021 WL 116535, at *2 ("Herndon's release mooted her § 2241 petition, notwithstanding her continued supervision, because there was no longer a live case or controversy for which any relief could be granted. Herndon had already received the sole relief sought in her petition: release from confinement."); *Nyabwa v. Dep't of Homeland Sec. Immigration & Customs Enf't Field Office Dir.*, 537 F. App'x 451 (5th Cir. 2013).

Petitioner raised two claims/counts in his petition. He concedes that his first count is moot. [doc. # 11, pp. 1, 4]. However, he maintains that his second count is not moot. He argues:

> In the context of a habeas corpus petition, a case or controversy may continue to exist where "the petitioner is no longer detained but the claimed violation's adverse consequences continue." *Nieto Ramirez v. Holder*, 583 F. App'x 330, 332 (5th Cir. 2014). "For example, a habeas petition challenging the grounds for removal is not moot once the petitioner is deported if there is some persisting harm, such as a ban on reentry." *Id.* That is precisely what is occurring here. When the Defendants removed Petitioner to Cameroon on August 19, he became subject to a ten-year bar to his re-entry to the United States. *See* 8 U.S.C. §

> 1182(a)(9)(A)(ii)(I). A case or controversy persist here because Petitioner – in Count II of his complaint – challenged his removal to a third country without a reasonable opportunity to raise and pursue his fear-based claim for withholding of deportation to Cameroon with his counsel's participation. *See* ECF 1 at ¶¶ 52-61; *Sanchez v. Noem*, 802 F. Supp. 3d 992, 1009 (S.D. Texas. 2025) (courts considering due process in the withholding context have held that a noncitizen must be given sufficient notice of a country of deportation that, given his capacities and circumstances, he would have a reasonable opportunity to raise and pursue his claim for withholding of deportation." (internal quotations omitted) (collecting cases).

*Id.* at 3.

The undersigned disagrees. First, the petition is moot because it is not possible for the Court to grant any effectual relief to Petitioner. *See Knox*, 567 U.S. at 307. In his petition, Petitioner asked the Court to: "(1) Assume jurisdiction over this matter; (2) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days; (3) Declare that Dante's detention violates the Due Process Clause of the Fifth Amendment, and 8 U.S.C. § 1231; (4) Issue a Writ of Habeas Corpus ordering Respondents to release Dante; and (5) Grant any further relief this Court deems just and proper." [doc. # 1, p. 11]. The Court did "assume jurisdiction" and did order a response; those requests are plainly moot. As to the sought declaration and writ (items (3) and (4) above), Petitioner is no longer detained; thus, the Court cannot declare that his detention is unconstitutional and cannot order his release. The requests are moot.

Petitioner relies on *Nieto Ramirez v. Holder*, 583 F. App'x 330, 332 (5th Cir. 2014) (unpub.) (emphasis added), where the Fifth Circuit stated, "a habeas petition *challenging the grounds for removal* is not moot once the petitioner is deported if there is some persisting harm, such as a ban on reentry." *Id.* Here, however, Petitioner did not challenge the grounds for his removal (nor could he here). Rather, he challenged his prior detention. Consequently, obtaining

any of the relief Petitioner requested would not redress his re-entry ban.[2] His petition is therefore moot.[3]

For the reasons above, **IT IS RECOMMENDED** that Petitioner Bassirou A. Dante's petition be **DISMISSED WITHOUT PREJUDICE AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R.**

---

[2] *See Garcia v. Warden, Stewart Det. Ctr.*, 774 F. App'x 522, 524 (11th Cir. 2019) ("Garcia argues the collateral consequences he faces as a result of his removal mean there is still a live controversy, but the only consequences he raises—a 20-year bar on reentry and possible future criminal prosecution if he returns again—are not consequences of his detention. The 20-year bar is a consequence of his removal.").

[3] *See Castillo Avelar v. Ladwig*, No. 6:26-CV-00373, 2026 WL 1811486, at *1 (W.D. La. June 8, 2026), *report and recommendation adopted,* No. 6:26-CV-00373 SEC P, 2026 WL 1810687 (W.D. La. June 23, 2026) (finding, where the petitioner argued that the petition was live because she suffered the collateral consequence of a ban on re-entry, that the petition was moot because the petitioner challenged her "detention - not the validity of her removal order - and the remedy sought was 'petitioner's immediate release.'"); *Ayala v. Bradford*, No. 4:26-CV-1008, 2026 WL 2531719, at *2 (S.D. Tex. May 14, 2026) ("Ayala's petition challenges his detention—not the validity of his removal order. . . . Thus, the petition is now moot because the Court can no longer award Ayala any relief related to his detention or the alleged statutory violation."); *Garcia-Villarroel v. Tate*, No. 4:26-CV-2651, 2026 WL 1486829, at *2 (S.D. Tex. May 12, 2026), *report and recommendation adopted,* No. CV 4:26-CV-02651, 2026 WL 1486587 (S.D. Tex. May 27, 2026); *Etuk v. Bondi*, No. 3:24-CV-02640-B (BT), 2025 WL 1908738, at *3 (N.D. Tex. Apr. 22, 2025), *report and recommendation adopted,* No. 3:24-CV-02640-B (BT), 2025 WL 1908169 (N.D. Tex. July 10, 2025).

**Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 22nd day of October, 2026.

Kayla Dye McClusky
United States Magistrate Judge